Merchants' Mutual Insurance Company, Respondent v. Britton A. Hill, Appellant.

### May 5, 1885.

1.   Judgments—Scire Facias—Pleading.—A petition for *scire facias* to revive a judgment is not a required pleading nor the foundation of the action in such a proceeding.

2.——Practice—Service of Writ—It is sufficient in a proceeding by *scire facias* to revive a judgment, to serve the writ by reading it to the person required to show cause.

3.——Lien of Judgment—Appeal—Supersedeas.—The pendency of an appeal with *supersedeas* does not prevent the failure of the lien of the judgment by reason of the lapse of time, and hence it is no defence in a proceeding to revive the lien.

Appeal from the St. Louis Circuit Court, Horner, J. *Affirmed.*

G. M. Stewart, for appellant.

Pattison & Crane, for the respondent.

Thompson, J., delivered the opinion of the court.

This is a proceeding by *scire facias* to revive a judgment.   Two questions arise upon the record.   1. Whether a writ of *scire facias* to revive a judgment is properly executed so as to give the court jurisdiction to proceed, by reading the writ to the defendant without delivering him a copy of the petition.   2. Whether a *scire facias* lies to revive a judgment from which an appeal has been prosecuted with a *supersedeas* bond, which appeal is still pending.

I. Upon the first question we are of opinion that the service was sufficient. The case of *Andrews* v. *Buckbee* ( 77 Mo. 428 ), to which we are referred by the appellant, merely holds that a *scire facias* to revive a judgment is not served by two summoners, according to the ancient practice, but that it is served by the sheriff, the same as a summons to revive an action is served under Revised Statutes, section 3666. This section provides that a summons to revive an *action* "shall be served and returned in the same manner, and with like effect, to all intents and purposes, as is required in cases of summoning or notifying original defendants." The manner of summoning or notifying original defendant, is pointed out in Revised Statutes, section 3489, the first three subdivisions of which ( the only ones deemed material ) are as follows : "A summons shall be executed, except as shall be otherwise provided by law, either, first, by reading the writ to the defendant, and delivering to him a copy of the petition; or, second, by delivering to him a copy of the petition and writ; or, third, by leaving a copy of the petition and writ at his usual place of abode, with some person of his family over the age of fifteen years." This it is to be confessed, taken in the letter, bears out the appellant's position, because in every case a delivery of a copy of the petition is required. But suppose on turning to the chapter relating to judgments it be determined that no petition is required in a proceeding by *scire facias* to revive a judgment, it cannot, in that event, be held necessary to deliver a copy of a superfluous and gratuitous paper. An examination of that statute shows that no petition is required in such a proceeding. It is entirely proper that a petition should be filed; but it is not a pleading any more than a petition for a *habeas corpus* or a mandamus is a pleading. The defendant is not permitted to traverse it but is required to make return to the *scire facias*, which writ must contain within itself a recital of the essential facts which, if true, are necessary to invoke the judgment of the court reviving the judgment recited therein. The petition is like the

petition in a proceeding by *habeas corpus*, merely a suggestion to the court of the facts upon which the petitioner predicates his right to have the *scire facias* issue. For aught we can see such a suggestion may be made *ore tenus*. It is in no sense a pleading, or the foundation of an action, and is hence not within the reason of the statute which requires a copy of the petition to be delivered in order to effect service of a summons in an original suit. The propriety of these views is emphasized by an examination of the petition and the writ of *scire facias* in this case. The writ contains precisely the same recital of facts which the petition contains—no more and no less; and it would be nonsense to hold that it was not well served because the sheriff did not deliver to the defendant at the same time the written suggestion of the same facts made to the court in pursuance of which it issued. The writ contains within itself a recital of all the facts against which he was required to show cause and of which he was entitled to notice.

II. Upon the second point the court is of opinion that, in order to keep alive the lien of a judgment, it is equally necessary to revive the judgment by *scire facias* whether an appeal with a *supersedeas* is being prosecuted from it or not. The *supersedeas* has no operation whatever upon the judgment; it does not take anything away from it, or add anything to it. It does not keep alive its lien upon the realty of the judgment debtor during the three years prescribed for its continuance by the statute, nor does it suspend the running of the statute of limitations against it. It merely operates to stay the issuing of process to enforce the collection of the judgment. It suspends execution; it does not suspend the judgment. The judgment, if affirmed by the appellate court, is not a new judgment, but the same judgment, having the same incidents which attached to it when rendered, except those which may have been lost by lapse of time since its rendition. The object of a proceeding to revive it may be two-fold: 1. To preserve its lien upon the realty of the judgment debtor; 2. To pre-

vent its becoming barred by the statute of limitations. It is the right of the judgment creditor to have a *scire facias* for these purposes; otherwise the delays which are incident to the determination of appeals and writs of error might place it within the power of the defendant by appealing or suing out a writ of error, to destroy his judgment or to deprive him of the fruits of it by lapse of time.

The judgment is affirmed. All the judges concur.