## ADAMS v. RICHARDSON.

1. The Circuit Judge properly disregarded the plea of payment by presumption, and passed an order reviving a judgment and renewing an execution after the lapse of twenty years, where the proceeding by summons to show cause was instituted within the twenty years, but the hearing was delayed by the litigation under this proceeding.
2. Under summons for leave to renew an execution, the term of twenty years from the entry of the judgment expired before the cause came to a final hearing. All the defences interposed were aimed at the existence of the judgment itself. *Held,* that there was no error in directing the judgment also to stand revived, nor was there error in adding the words, "with all the force and effect of the former recovery."

Before WALLACE, J., Barnwell, March, 1889.

This was a summons to show cause issued by Adams, Frost & Co. against W. T. Richardson, as follows:
*To W. T. Richardson:*

Whereas judgment was obtained in the Circuit Court for the County of Barnwell, and State of South Carolina, on the 16th day of November, A. D. 1868, in the above entitled cause against you, the said W. T. Richardson, and execution was duly issued thereon, but the active energy thereof has now expired, and it is desired to have the same renewed.

Now, therefore, you are summoned to appear at the next term of the Circuit Court to be held for said county at the place of holding the same, and then and there show cause, if any you can, why said execution should not be renewed according to law.

Dated 17th October, A. D. 1887.

> GEO. H. BATES,
> *Plaintiffs' Attorney.*

*Mr. J. O. Patterson,* for appellant.

*Mr. Geo. H. Bates,* contra.

February 21, 1890. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was a summons issued October 11, 1887, to renew the execution of the judgment, which was

originally entered on November 16, 1868, nineteen years before. The defendant answered the summons, making defence: (1) That the judgment was originally recovered by default, without service of process upon him. (2) That prior to the date of the judgment he was declared a bankrupt, and no execution was actually issued on the judgment, which was marked "suspended," and had been dormant ever since its recovery. The case was in this court before. Judge Aldrich, on the first hearing, ordered "issues." But upon appeal this court held that no issues of fact were involved, and the case was remanded to the Circuit. See 30 S. C., 215. Accordingly the case went back and was heard by Judge Wallace, who, on March 29, 1889, ordered that "The judgment herein be revived with all the force and effect of the former recovery, and that the plaintiffs have leave to renew their execution," &c.

From this order the defendant appeals to this court, upon the following grounds: "1st. Because his honor erred in reviving a judgment against the defendant, without notice to defendant that such action would be taken against him. 2nd. Because his honor erred in reviving said judgment, 'with all the force and effect of the former recovery.' 3rd. Because his honor erred in renewing the execution, as it appeared from the face of the judgment that more than twenty years had elapsed since the original entry of the judgment."

The third exception makes the point that the judge erred in renewing the execution, as it appeared from the face of the judgment that more than twenty years had elapsed since its original entry. The judgment was entered on November 16, 1868, which was before the Code was adopted in 1870, and therefore was subject to no statute of limitations as such. It was, however, subject to the principle which, in analogy to the statute of limitations, raises an artificial presumption, "that when payment was not demanded for twenty years, and there had been no circumstance to show that it was still acknowledged to be in existence, the jury are to presume payment at the end of twenty years." *Willingham* v. *Chick*, 14 S. C., 101. When the notice of summons to renew the execution was served on October 11, 1887, the twenty years required to complete the presumption had not

expired, and the presumption of payment had not arisen; but from delays in the litigation, the case was continued to March 29, 1889, when the judgment was revived and leave was given to renew the execution. At the time this order was granted, the twenty years had expired, and it is urged that the judgment was then paid by operation of law, and therefore could not be revived.

We cannot accept this view. The proceedings for renewal were in the nature of an action, and it is very well known that, in counting time under a plea of the statute of limitations, the rule is to stop at the commencement of the action, viz., the lodgment of the process in the sheriff's office. The very object of the statute was to limit the time within which the action could be brought, as appears by the familiar expression, "limitation of actions." It is true that actions commenced and discontinued do not stop the running of the time; but when a right is asserted by a judicial proceeding, which is continued to judgment, the time stops when the action is commenced. "When the action is brought before the claim is barred, the plea of the statute will not avail." *Adickes* v. *Allison*, 21 S. C., 245; *McBee* v. *Loftis*, 1 Strobh. Eq., 90. The view taken is not at all inconsistent with what was held in *Dillard* v. *Brian*, 5 Rich., 501, and *Tobin* v. *Myers*, 18 S. C., 328. In neither of these cases did the defendant have notice of the renewal proceedings, which were relied on to suspend the running of the time—they were in character, a matter of course, entirely *ex parte* by mere copy. Here, on the contrary, the defendant was regularly served with summons, the issues were made up, and the Circuit Judge was right in considering the case as it stood when the proceeding was instituted, October 11, 1887. If we are right in this, the plaintiff was entitled to have the judgment revived and the execution renewed.

It is said, however, that the terms of the summons were limited to the renewal of the execution. The judgment and the execution on it are very closely connected. The execution is only process to enforce the judgment, and it cannot have active energy unless the underlying judgment has a lien. The law provides the same proceeding—summons to show cause—both to revive the judgment and to renew the execution. The questions

as to them are in one sense identical. The claim to renew the execution necessarily involves the right to revive the judgment, in a case like this, when the question of renewal is heard, after the judgment has become more than twenty years old. This was no surprise to the defendant. All his defences were aimed at the existence of the judgment itself, and we cannot say that the judge committed error in reviving the judgment, as well as granting leave to renew the execution.

We need not go into the question as to the legality of the phrase incorporated into the judge's order, "with all the force and effect of the former recovery." We think this added nothing to the force of the simple order, whatever that may be. If ever tested, being a question of law, it would have to be determined without reference to the remark complained of.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.