WITHERSPOON v. TWITTY.

1. REVIVAL OF JUDGMENT—EFFECT.—In a proceeding against the administrator and the heir of a deceased judgment creditor to revive the judgment, the effect of the judgment when revived, as, *e. g.*, the right of the heir to claim the land of intestate by adverse possession against the judgment creditor, cannot be considered.

2. IBID.—RES JUDICATA.—A judgment obtained in 1866, having been revived in .1882, with the proper parties before the court, such order of revival is conclusive of all objections to the judgment which could have been then interposed, and no such objections can be raised in a second proceeding to revive, commenced in 1892.

Before WATTS, J., Lancaster, March, 1894.

Proceeding to revive judgment of Witherspoon v. Twitty. The defendant's return was as follows:

Francis R. Twitty, upon whom, with others, a summons to show cause in the above entitled cause has been served, comes into court, and for cause shows: I. That he knew nothing of the judgment referred to as rendered on the 5th day of January, 1860; that he was not a party thereto originally, nor was he a party to the alleged renewal on the first day of March, 1882; nor has he ever had any notice whatever that the said alleged judgment was attempted to be revived, and he denies that the same has been legally revived, and denies that the same can now or hereafter have any effect on him or his property. II. This respondent shows that the said alleged judgment was twenty-two years old when it was attempted to be revived against the administrator, was paid at that time in point of fact

and by lapse of time; and the administrator ought then to have alleged and shown payment; and it is now too late for any party interested in the said judgment to attempt to set up the same against this respondent and the other heirs at law of Peter W. Twitty, deceased. And this respondent pleads payment and lapse of time and laches against the said alleged judgment, and that said alleged judgment has never been in form or effect lawfully revived. III. Respondent further shows that he now owns a plantation, is seized in fee and possessed of the same in his own right, which the holder of the alleged judgment is now endeavoring to take hold of as the property of the said Peter W. Twitty. But respondent has been holding the same as his own for nearly thirty years, has been paying the taxes on the same from year to year, and has never been disturbed in his possession; and he now claims the same, and has claimed the same for thirty years. And this respondent submits that if the administrators saw proper to let the said alleged judgment be revived against them after the same was paid, either in fact or by lapse of time, the same is not now and cannot be made binding on this respondent; and the said tract of land cannot be made liable for the said alleged judgment. And this respondent submits that the cause shown is sufficient to prevent the revival of the judgment against him, and he pleads payment, lapse of time, and defect in the alleged former revival, and asserts his title to the said tract of land all in bar of these proceedings against him.

The Circuit decree was as follows:

This was a summons to show cause why a judgment in favor of the above named plaintiff and against the above named defendant should not be revived, according to the form, force, and effect of the former recovery, and why execution should not be renewed thereon in favor of David A. Williams, as receiver of the estate of James H. Witherspoon, deceased. The summons was issued on the 19th day of January, 1892, and was directed to and served upon the surviving administrator, and the heirs at law of the said Peter W. Twitty, deceased. Neither the administrator nor any of the heirs at law, save and

except Francis R. Twitty, have answered the said summons, but Francis R. Twitty has made answer thereto, denying the recovery of the original, or any previous revival thereof, and setting up various reasons why the said judgment should not be revived.

It appears, from the evidence before me, that the judgment was originally duly rendered in this court in favor of the said James H. Witherspoon, and against the said Peter W. Twitty, on the 5th day of January, 1860, for the sum of $810.53 debt, and for $18.62 costs, and was duly entered up and signed in the office of the clerk of this court on that day. It was further shown by testimony, as to the admissions of the surviving administrator of the defendant, that on the 27th day of July, 1866, after the death of the said Peter W. Twitty, upon notice served upon the administrators of the said Peter W. Twitty, the judgment was revived and execution renewed thereon by order of this court. The abstracts of judgments in the office of the clerk of this court contains a regular entry of this renewal, and the defendant, A. Minor Caston, as administrator of Peter W. Twitty, is shown by the testimony to have admitted that this renewal was ordered after due notice to the administrator of Peter W. Twitty of application by the plaintiff therefor to the court.

The execution having thus been renewed and the judgment revived on the 27th day of July, 1866, upon notice to the administrators of Peter W. Twitty, a summons to show cause was served prior to the March term of this court for the said county for the year 1882 upon the administrators of Peter W. Twitty, requiring them at the March term, 1882, to show cause why the said judgment should not be revived, and why execution should not be renewed thereon. No cause to the contrary having been shown, on the 1st day of March, 1882, an order was passed by this court that said judgment be revived in favor of David A. Williams as receiver of the estate of Peter W. Twitty, deceased, according to the form, force, and effect of the former recovery, and that execution be renewed thereon in favor of the said receiver. Judgment was duly entered up accordingly and execution issued thereon. All these facts appear by the records of

this court offered in evidence herein. The summons to revive the judgment and renew the execution upon which this order and judgment of revival was based, was duly served upon the administrators of the said Peter W. Twitty, as appears by the said records, and the said judgment was revived for the amount of the original recovery and costs, and for $14.40 costs of said revival. It appears from the evidence that no part of this judgment has in fact been paid, that the whole amount thereof is unpaid, and that the same has been recognized as unpaid and still outstanding, by the surviving administrator and by Francis R. Twitty, the only heir at law now answering the summons to show cause why the same should not be revived.

It is contended, however, by the defendant, Francis R. Twitty, by his counsel, that the original judgment cannot now be revived, upon the ground that the same was more than twenty years old at the time the summons was served on him in the present proceeding. In view, however, of the facts above stated, this contention cannot prevail to defeat a revival of the judgment in this proceeding. The original judgment was recovered in 1860, but it was revived, or at least execution thereon was renewed, upon due proceedings had and notice to the administrators of Peter W. Twitty, deceased, in the year 1867. Afterward, on summons to show cause why this judgment should not be revived, which summons was served upon the administrators of Peter W. Twitty, this judgment was again revived in 1882 by order of this court. Such revival of the judgment in 1867 and again in 1882 upon due notice to the administrators is binding upon the heirs. The cases of *Leitner* v. *Metz*, 32 S. C., 383, and *Cowan* v. *Neel*, 17 S. C., 588, are authorities to show that such a renewal and revival as was here made are sufficient to keep alive the lien of the judgment as against the administrator and the heirs at law of Peter W. Twitty. See also *Roberts* v. *Smith*, 21 S. C., 453; *Wood* v. *Milling*, 32 *Id.*, 378.

The provisions of section 1831 of the General Statutes, as construed in the cases thereunder, have no application to the present case. The proviso to that section shows that the same was not intended to affect the lien of judgments kept alive by revivals within the period of twenty years, and that a judgment

revived thereunder within such period is not affected thereafter so as to cease to be a lien at the expiration of twenty years from the date of the original recovery. As against the administrator and the heirs at law of Peter W. Twitty, the lien of his judgment is still of force, and even as against subsequent judgment creditors (if there were any such intervening between the date of the original recovery and the subsequent revivals, as in *Henry* v. *Henry*, 31 S. C., 1, cited by defendant), the judgment lien in favoɪ of the receiver would be preserved by the revival in 1867, and again in 1882, against the administrator of Peter W. Twitty, deceased. No such question is, however, presented here, and it is not necessary to pass upon the question as to the rights of intervening lien holders.

The simple question here is, whether a judgment originally recovered in 1860, revived or renewed in 1866, upon due notice to the administrator of the judgment debtor, and revived upon summons to show cause in 1882, served upon such administrator, can now be revived upon summons in 1892, to the surviving administrator, and the heirs at law of the said judgment debtor, and upon proof that it has not been paid. This question is decided in the affirmative, the court holding, that the revivals, upon notices to the administrators, have the same force and effect as if made upon notice to the heirs. Such revivals having been ordered within the several periods of twenty years, while the lien of the judgment existed, made a new starting point for the presumption of payment, and kept alive the lien of the judgment from the date of the last revival in 1882. See *Cowan* v. *Neel*, 17 S. C., 588.

It is, therefore, ordered, adjudged, and decreed, that the judgment aforementioned be revived in favor of David A. Williams, as receiver of the estate of James H. Witherspoon, deceased, against the said defendant, according to the form, force, and effect of the former recovery, and that execution be renewed thereon for the amount of the said judgment, interest, and costs, and for the costs of revival, in favor of the said receiver.

*Messrs. R. E. & R. B. Allison*, for appellant.

*Mr. Ernest Moore,* contra.

March 23, 1895.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   The facts of this case are so fully and clearly stated in the decree of the Circuit Court, rendered by his honor, Judge Watts (a copy of which should be incorporated in the report of the case), that it will be unnecessary to do more than make a very general statement here. . It seems that the plaintiff in the case above stated recovered a judgment against the defendant, which was duly entered on the 5th day of January, 1860.   This judgment, it is claimed, was duly revived by proper proceedings on the 27th of July, 1866, but this claim is stoutly contested, and several of the questions presented by this appeal raise questions of the competency of the evidence adduced to establish such claim, and as to the validity of that proceeding, if any such there was.   It does appear, however, that on the 6th and 8th days of February, 1882, a summons was duly served upon the two administrators of the original judgment debtor, Peter W. Twitty, who had, in the meantime, departed this life intestate, calling upon them to show cause why "the original judgment should not be revived in favor of David A. Williams, as receiver of the estate of said James H. Witherspoon, deceased, according to the form, force, and effect of the former recovery, and why execution thereon should not be renewed."   In pursuance of this summons, on the 1st day of March, 1882, an order was granted by his honor, Judge Cothran, in the following words: "It appearing that the summons in this action has been duly served, and that no answer, demurrer, or notice of appearance has been put in, on motion of Moore & Moore, ordered, that the judgment within mentioned and described be revived in favor of David A. Williams, as receiver of the estate of James H. Witherspoon, deceased, according to the form, force, and effect of the former recovery, and that said receiver have leave to issue execution thereon."   In conformity with this order, it appears from the book of "Pleadings and Judgment," that on the 8th of March, 1882, a formal judgment of revival was duly entered as authorized by said order.

23—43

On the 19th of January, 1892, the receiver of the estate of the original judgment creditor instituted the present proceeding, again to revive said judgment by the service of a summons upon the surviving administrator of the estate of Peter W. Twitty, and all of his heirs at law, to which no answer or return was made except by one of said heirs, viz: Francis R. Twitty, the appellant herein, who, by his answer or return (a copy of which should be incorporated in the report of the case), sets up sundry objections to the revival of the original judgment. Many of these objections, as it seems to us, relate more to *the effect* of the judgment, if it should be revived, as a lien upon certain lands of the appellant, of which he claimed to have been in undisputed possession for a great number of years, than to the right to revive the judgment. Whether the appellant's possession of such lands has been of such a character, and continued for such a length of time, as would entitle him to successfully claim the same against such judgment, is not a question which can be considered in the present case.

The only question here is, as to whether the Circuit Court erred in adjudging that the judgment should be revived. That question turns upon the effect of the order to revive, passed in March, 1882. That order was made in a proceeding in which all proper parties were before the court (*Leitner* v. *Metz*, 32 S. C., 383; *Railroad Company* v. *Marshall*, 40 S. C., 59), and hence was conclusive of all questions which were then made, as well as upon all questions which were necessarily involved in the issue then determined, whether such questions were then raised or not. *Sullivan* v. *Shell*, 36 S. C., 578, and the several cases therein cited and followed. The very issue then before the court was as to the right to revive the judgment, and this, of course, involved many of the questions which are now urged upon the court. Then was the proper time to raise any objections based upon any condition of facts existing prior to that time, and if not raised then, it is now too late to do so, as all such matters must be regarded as *res adjudicata.* The right to revive being then solemnly adjudicated, and the present proceeding having been instituted within

twenty years from the date of such adjudication, we see no error in the judgment appealed from. The view which we have taken renders it unnecessary to consider any of the other questions raised by this appeal, as under that view they become immaterial.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.