ANDERSON v. BAUGHMAN.

1. ANSWER—DEMURRER—ADMINISTRATOR.—DEFECT OF PARTIES should be raised by answer or demurrer, and if not, is deemed waived. An administrator having administered all the personal estate of his intestate, is administrator *de bonis non* necessary party to proceeding to subject lands descended to payment of debts?

2. HOMESTEAD.—STATUTE OF LIMITATIONS does not commence to run against a creditor as to homestead set off until the conditions arise under which it ceases to be a homestead.

3. JUDGMENTS—REVIVAL—PRESUMPTIONS.—A decree ordering sale of lands and application of proceeds to a judgment then existing, acts

as a revival of the judgment, and rebuts presumption of payment from lapse of time.

Before J. E. McDonald, special J., Barnwell, August, 1903.

Creditor's bill by F. M. Anderson, administrator of N. D. Anderson, against F. M. A. Baughman *et al.* From judgment for plaintiff, defendants appeal.

*Messrs. Davis & Best*, for appellants, cite: *As to payments:* 28 S. C., 285.

*Mr. B. T. Rice*, contra, cites: *As to presumption of payment:* 25 S. C., 214; 32 S. C., 140; 45 S. C., 337. *As to homestead exemption:* 21 S. C., 375; 37 S. C., 376; 41 S. C., 109; 45 S. C., 65; 47 S. C., 446.

April 21, 1904. The opinion of the Court was delivered by

Mr. Justice Jones. This action was instituted by supplemental proceedings to subject lands in the possession of the widow and children of Andrew J. Baughman, deceased, which had been assigned to him as a homestead, to the payment of a judgment against him, upon the ground that said homestead had been abandoned as such by the widow and children of the deceased judgment debtor, and was, therefore, no longer exempt from sale under the judgment.

The Circuit Court, special Judge J. E. McDonald, presiding, overruled the defenses interposed, statute of limitations, presumption of payment, right of homestead exemption still existing, held that the homestead had been abandoned as such and decreed for sale of the land and application of proceeds to the debts of the judgment debtor. The appeal raises three questions.

1. Whether there was error in not holding that the administrator *be bonis non* of Andrew J. Baughman is a necessary

party. We think the Circuit Court correctly disposed of this matter in these words: "J. L. Baughman, who was administrator of Andrew J. Baughman, deceased, and a party defendant in the original action, is now dead, and there is no administrator *de bonis non* before the Court in the present proceeding. It is alleged in the sixth paragraph of the supplemental complaint, that the entire personal estate of the intestate, Andrew J. Baughman, has been disposed of by his administrator, and it appears from the testimony that a small balance remaining in his hands was to be paid over to the master of Barnwell County, under the order of Judge Norton. There is no evidence whatever showing that there is now any personal estate of Andrew J. Baughman, deceased, and I do not think, therefore, for the purpose of this action, that an administrator *de bonis non* is a necessary party; besides no question was made before me as to defect of parties, and such objection, if any, will be deemed to have been waived." Objection for defect of parties must be made by demurrer or answer, or shall be deemed waived. Sec. 169, Code Civil Procedure; *Daniels v. Moses,* 12 S. C., 137; *Evans v. McLucas,* 12 S. C., 56; *Ross v. Linder,* 12 S. C., 592.

2. Was there error in overruling plea of statute of limitations? The following facts stated in the decree are admitted to be correct: "On the 24th day of May, 1874, N. D. Anderson, plaintiff's intestate, duly recovered a judgment in the Court of Common Pleas for Barnwell County, againstt Andrew J. Baughman, de,-ceased, amounting to $510.11, for debt, interest and costs. This judgment was duly entered and filed on the 5th day of June, 1874, and execution was issued thereon and lodged with the sheriff of said county. It appears that as against this judgment a homestead was set off to Andrew J. Baughman, deceased, in the lands referred to and described in the complaint. On the 7th day of July, 1892, the judgment debtor, Andrew J. Baughman, died intestate, leaving a widow, F. M. A. Baughman, and several children. On the

16th day of August, 1893, N. D. Anderson, the judgment
creditor, commenced an action against the administrator and
heirs at law of Andrew J. Baughman, deceased, for an ac-
counting and also to marshal the assets of his estate for the
payment of his debts.    On the 6th day of April, 1894, Judge
Norton rendered a decree in that action, in which, among
other things, he adjudged and decreed, 'that all the lands of
which Andrew J. Baughman died seized over and above the
homestead, which was assigned to A. J. Baughman during
his life, be sold by A. H. Patterson, master of said county
(Barnwell), on salesday in November, A. D. 1894, for cash.'

"It further appears in his decree that the parcel of land
ordered to be sold contained 150 acres, more or less.    The
master sold the said parcel of land in pursuance of Judge
Norton's decree, and after payment of all costs and expenses,
applied the balance, amounting to $458.20, to the payment
of the above mentioned judgment in favor of N. D. Anderson,
now deceased.    Subsequently to the filing of Judge Norton's
decree, N. D. Anderson departed this life intestate, and his
son, N. M. Anderson, was appointed administrator of his
estate.    On the 12th February, 1902, the said administrator
of N. D. Anderson, deceased, filed a supplemental complaint
in the original action, commenced on the 16th day of August,
1893, on behalf of himself and the other creditors of A. J.
Baughman, deceased."

It further appears in the case: "That homestead in said
lands was allotted the judgment debtor, A. J. Baughman,
in the same year of the rendition of the judgment of N. D.
Anderson *v.* A. J. Baughman, as set out in the complaint
and that A. J. Baughman lived upon the lands continuously
up to his death, which occurred in 1892; and his widow,
F. M. A. Baughman, lived upon the same continuously up to
two years ago, when she and her children left the same and
rented it out to a tenant."

The fact that A. J. Baughman and his wife, F. M. A.
Baughman, were in posession of the land for more than ten
years after the homestead was allotted to them, cannot

avail appellants, because with respect to such possession, if any right of action accrued to plaintiff at all, it was not until the homestead was abandoned, which did not occur until about two years before the commencement of this action. Section 111 of the Code of Civil Procedure permits an action upon a judgment or decree of any Court within twenty years. The original judgment having been entered in 1874, the action begun thereon on the 16th day of August, 1893, was within twenty years. The decree of Judge Norton, rendered on the 6th April, 1894, gave a new starting point for said judgment as a revival of the same. The plea of the statute of limitations was properly overruled.

3. Was there error in holding that the presumption of payment arising from lapse of time had been effectually rebutted? We think not. The decree of Judge Norton, on April 6th, 1894, established the judgment, and the amount due thereon rebuts any presumption of payment previous to that date. It may be, under the authority of *Gibson* v. *Lowndes,* 28 S. C., 285, 5 S. E., 727, that the credit of $458.20, placed upon said judgment pursuant to the decree of Judge Norton from the proceeds of the sale of lands in November, 1894, would be such an enforced payment from the property in the hands of the heirs at law of the judgment debtor as not of itself to rebut the presumption, but the decree of Judge Norton is sufficient to rebut presumption of payment. *Shaw* v. *Barksdale,* 25 S. C., 214; *Adams* v. *Richardson,* 32 S. C., 140, 10 S. E., 931; *Morgan* v. *Morgan,* 45 S. C., 337, 23 S. E., 64.

The Circuit Court having held that defendants have abandoned the homestead which had previously been assigned to Andrew J. Baughman, and that defendants cannot now claim the land as exempt from the payment of his debts, and there being no exception thereto, it is obvious that this Court cannot consider whether the Circuit Court committed error in these particulars.

The judgment of the Circuit Court is affirmed.

MR. JUSTICE GARY, *dissenting*.   I cannot concur in the opinion of Mr. Justice Jones, for the reason that I do not think his views upon the question of homestead can be reconciled with the decision in the case of *Sloan* v. *Hunter*, 65 S. C., 235, 43 S. E., 78, the latest judicial utterance upon this question.