## GREGORY v. PERRY.

JUDGMENTS—REVIVAL—LIMITATION OF ACTIONS.—An order of revival of a judgment is an adjudication that the judgment has not been paid, and the statute of limitations as to actions thereon is avoided by such an adjudication, which gives a new starting point to its currency. A recovery on a revived judgment is the amount of original judgment, and interest from the date of recovery.

2. DECREE—SALE.—Omission to fix day of sale in a decree may be afterwards supplied.

3. APPEAL.—The Circuit Court not having passed on question of priority of debt, this Court expresses no opinion as to it.

Before GAGE, J., Lancaster, June, 1904. Modified.

Action by Joseph F. Gregory, Clerk of Court, as administrator of estate of Wylie R. Duren, against Mary E. Perry, H. J. Beckham and Jane Gooch, heirs of Jas. R. Massey and H. J. Beckham, administrator. From Circuit decree, defendants appeal.

*Mr. Ernest Moore,* for appellants, cites: *Judgment was barred in twenty years:* Code of Proc., 94, 309, 310, 311, 111; 40 S. C., 259; 52 S. C., 197; 69 S. C., 39. *Order of revival does not give a new starting point to statute: Code* of Proc., 94, 111, 309, 310, 311, 131; 43 S. C., 246; 32 S. C., 228. *As to effect of written acknowledgment of amount due:* 51 S. C., 327; 38 S. C., 306; 2 Bail., 278; 47 S. C., 430; 47 W. Va., 838; 25 S. C., 228. *Who must make payment to stop statute:* 33 S. C., 505; 28 S. C., 285. *The interest should not be compounded:* 1 Strob., 115, 426; 11 Ency., 1 ed., 407. *Decree should have been for costs and expenses:* Code, 323; 27 S. C., 15; 11 Cyc., 104.

*Messrs. Green & Hines,* also for appellants, make no additional citations, but confine their argument mostly to an analysis of the cases cited by respondent.

*Messrs. R. E. & R. B. Allison,* contra, cite: *As to effect of revival:* 32 S. C., 139, 378; 45 S. C., 339; 69 S. C., 38; 43 S. C., 348, 246; 40 S. C., 270; 21 S. C., 600; 51 S. C., 141; 38 S. C., 306; 43 S. C., 436; 36 S. C., 578; 2 Rich., 560; 21 S. C., 70.

March 28, 1905. The opinion of the Court was delivered by

Mr. Justice Woods. Wylie R. Duren recovered a judgment against James R. Massey, Mary E. Massey and Charlotte A. Massey, on July 12, 1877, for $601.44, costs of a suit instituted by them against him. In September, 1885, a summons was duly served on the judgment debtors requiring them to show cause why the judgment should not be revived, and on December 12, 1885, an order was made by the Circuit Judge, "that the defendants be allowed to renew their execution for the amount set forth in the summons, together with interest on same up to the present, and for the costs of this motion, the judgment to have the same force and effect as the former recovery." A tract of land was sold under the execution in 1896, and the net proceeds, $198.91, were applied to the judgment. Wylie R. Duren and James R. Massey are now dead, and this action on the judgment was commenced by the administrator of Duren against the administrator and heirs at law of James R. Massey, to subject the lands descended to the payment of the judgment debt, and for such relief against the administrator and heirs as would be proper. The main defense relied on was the statute of limitations, the judgment having been entered more than twenty years before the commencement of this action. The Circuit Court held the statutory period of twenty years should be reckoned from the date of the revival of the judgment and not from the date of the original entry, and decreed in favor of the plaintiff. This ruling was decisive of the case, and the exception to it presents the main question in the appeal.

There was no statute of limitations as to judgments obtained before the adoption of the Code of Procedure, but only a presumption of payment from the lapse of twenty years, subject to rebuttal by competent proof. Hence, when the judgment was revived by *scire facias* under the old practice or by statutory summons under the Code of Procedue, this was held to be an adjudication absolutely binding on the defendant that at the date of the renewal the judgment was unsatisfied, and the date of the revival became the new starting point for the twenty years necessary to presume payment. *Witherspoon* v. *Twitty,* 43 S. C., 348, 21 S. E., 256; *Adams* v. *Richardson,* 32 S. C., 139; 10 S. E., 931; *Wood* v. *Milling,* 32 S. C., 378, 10 S. E., 108; *Leitner* v. *Metz,* 32 S. C., 383, 10 S. E., 1082; *Sullivan* v. *Shell,* 36 S. C., 578, 15 S. E., 722. This action, however, is on the original judgment, recovered after a fixed limitation by statute had taken the place of the presumption of payment from lapse of time. Statutes of limitation are statutes of repose, not of presumptions, and for this reason the cases above cited are not conclusive of the question now under consideration. This being so, the defendants insist that while section 311 does allow a recovery on a judgment in an action commenced more than twenty years from its date, if it "be established by competent and sufficient evidence that said judgment, or some part thereof, remains unsatisfied and due," yet the only "competent and sufficient evidence" is the part payment or new promise in writing referred to in section 131 of the Code of Procedure. Section 311 is thus construed in *Latimer* v. *Trowbridge,* 52 S. C., 193, 196, 29 S. E., 634: "It would seem, therefore, that the object of section 311 of the Code was to repel any inference that might possibly be drawn from the provisions of 309 and 310 that, after the lapse of twenty years from the date of the entry of a judgment, no proceeding of any kind could be instituted to enforce the payment of any amount that might still remain 'unsatisfied and due,' by ex-

pressly authorizing an action on such judgment and a recovery thereon, if 'it shall be established by competent and sufficient evidence that said judgment, or some part thereof, remains unsatisfied and due.' But the section does not prescribe what shall be either 'competent' or 'sufficient' evidence, and, therefore, that must be determined by the general principles of law under which the competency of evidence is determined by the court and its sufficiency by the jury."

An order of revival, it is true, is not a new judgment to be entered in form by the clerk, but it is a judgment in the sense of a final adjudication of the rights of the parties, and as such it is not only "competent and sufficient evidence," but the highest evidence that, at the date of revival, the original judgment was "unsatisfied and due;" and it continues to evidence lack of satisfaction until payment is proved or presumed. This conclusion is supported by the case of *Anderson* v. *Baughman,* 69 S. C., 38, for while the point was not necessarily involved, the Court laid down the rule that the revival of the judgment constituted a new starting point for the currency of the statute.

Even in the absence of any such statutory provision as section 311 of the Code of Procedure, the weight of authority is to the effect that while the revival of a judgment on a *scire facias* is not a new judgment to be formally entered independent of the original judgment, yet the proceeding partakes of the nature of an action (*Adams* v. *Richardson, supra*), and the decree based thereon is a new judgment designed to avoid the statute of limitations by giving a new starting point for its currency. *Wonderly* v. *LaFayette County,* 74 Fed., 702; *Walsh* v. *Bosse,* 16 Mo. App., 231; *Packer* v. *Thompson,* 25 Neb., 688; *Fagan* v. *Bently,* 32 Ga., 534.

Section 2449 of the Civil Code, relating to the duration of the *lien* of judgments, has no application, because the question is not whether the judgment was a *lien* when the action was brought, but whether as a debt in the form of a judgment it was barred by the statute of limitations.

The Circuit Court decreed, "that the plaintiffs are entitled to have their judgment debt estimated as of the date of the revival, and interest thereon from that date until now." This would result in compounding the interest on the original judgment debt, and was therefore erroneous. The action was not brought on the revival but on the original judgment. The revival had only "the same force and effect as the former recovery;" and hence it is the amount of the original judgment, with interest from its date, that the plaintiff is entitled to recover.

The remaining exceptions relate to administrative provisions of the order. The failure to fix a day for the sale of the land was no doubt an inadvertent omission, which should be supplied. The decree should also provide for the payment of costs and disbursements instead of costs and "expenses."

The Circuit Court did not pass upon the debt to Ernest Moore, Esq., reported by the referee as a preferred debt against the estate of James R. Massey, and, therefore, this Court expresses no opinion as to its alleged priority.

The judgment of this Court is, that the judgment of the Circuit Court be modified as indicated in this opinion, and that the cause be remanded for such further orders as may be necessary.