6648

## SMITH v. ELLISON.

LIMITATION OF ACTIONS—PLEADINGS—A JUDGMENT CANNOT BE REVIVED BY SUMMONS to show cause served after ten years from date of original entry. The return to the effect that the time within which the judgment could have been revived has long since expired, together with the allegations in the petition, is a sufficient plea of the statutory bar. MR. JUSTICE GARY *dissents.*

Before GARY, J., Pickens, March, 1907.   Reversed.

Summons to revive execution by Jno. A. Smith, exor. of H. Glenn Smith, against Jas. M. Ellison and Martha J. Ellison. From order reviving judgment, defendants appeal.

*Messrs. Blythe & Blythe,* for appellants: Code of Proc., 309, 310; 30 S. C., 381.

*Mr. Julius E. Boggs,* contra, cites: 43 S. C., 348; 32 S. C., 139, 378, 383; 36 S. C., 578; 71 S. C., 246; Code of Proc., 94; 9 S. C., 391; Pom. Code Rem., 545; 27 S. C., 153.

September 10, 1907.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   This was a summons issued on December 23d, 1906, by the plaintiff, John A. Smith, executor of H. Glenn Smith, to the defendants, James M. Ellison and Martha J. Ellison, requiring them to show cause, if any they could, why a judgment entered up against them on the 27th day of September, 1890, should *not* be revived. The return and answer of the defendants denies that any judgment was ever lawfully entered against them, and alleges that if it has, as is alleged in the summons, the time within which the same could have been revived has long since expired.   Judge Ernest Gary, in an order of March

5th, 1907, ordered the judgment revived.   Defendants appeal.

Section 309 of the Code of Procedure of 1902 provides: "A final judgment may be revived at any time within the period of ten years from date of original entry thereof by the service of a summons upon the judgment debtor * * * to show cause, if any he may have, why such judgment should not be revived; and if no good cause be shown to the contrary, it shall be decreed that such judgment is revived."

The meaning of the term "date of the original entry" is too plain to require a consideration of its meaning.   A period of ten years following, can mean nothing but the succeeding ten years following the original entry.   The words of the statute are plain, that a summons to revive must be issued within this period, otherwise the privilege of renewal will be denied.   The revival thus obtained will give life to the judgment for ten years following the ten year period from the date of the original entry of the judgment, thus making a period of twenty years, the entire time a judgment is allowed to constitute a lien on property.   This statute is then one of limitation, and according to well settled authority, must be pleaded.

This is the ground on which the respondent seeks to have the judgment sustained.   He would show that appellants have not properly pleaded the statute.   This contention, however, we cannot sustain.   The plaintiff, in his summons, stated the fact that the judgment was entered in September, 1890.   The revival proceedings were not begun until December, 1906.   The defendants denied the judgment, but contended that should the judgment be held valid, as is alleged in the summons, that then according to the face of the summons itself and the facts set forth thereon, the revival was barred by the statute.   The facts of the case are really in issue, thus distinguishing this case from those relied upon by the respondent where the defendant claimed the benefit of the statute without stating any grounds upon which to

base his claim.    In this view we think the pleadings are sufficient.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.

MR. JUSTICE GARY, *dissenting*.   This is a proceeding to renew a judgment by summons, commenced on the 22d of December, 1906, in which it is recited that the original judgment was recovered against the defendant on the 17th of September, 1890.

The defendants made return to the summons, and showed cause as follows why the judgment should not be renewed:

1. "They deny that any judgment was ever lawfully entered against them.

2. "That if any judgment has ever been rendered against them, as alleged in said summons, the time within which the same could be renewed has long since expired."

His Honor, the Circuit Judge, upon hearing the issues, filed an order that the judgment be renewed and that the plaintiff have leave to issue execution thereon; from which order the defendants appealed.

Section 309 of the Code contains the following provisions:

1. "A final judgment recovered in any Court of record in this State, subsequent to the 25th day of November, A. D. 1873, shall constitute a lien upon the real estate of the judgment debtor, in the county where the same is entered, for a period of ten years from the date of entry thereof. * * *

2. "A final judgment may be revived at any time, within the period of ten years from the date of the original entry thereof, by the service of a summons upon the judgment debtor, as provided by law * * * to show cause, if any he may have, why such judgment should not be revived; and if no good cause be shown to the contrary, it shall be decreed that such judgment is revived; and such judgment shall thereupon constitute a lien upon the real estate of the judgment debtor, then owned or hereafter to be acquired by

him, in the county where the judgment is entered, for a priod of ten years from the entry of such decree; but such lien shall not revert back to the date of the original entry of such judgment."

Section 311 of the Code is as follows: "Nothing in the two preceding sections shall be construed to prevent an action upon a judgment, after the lapse of twenty years from the date of the original entry thereon, in case it shall be established by competent and sufficient evidence that said judgment, or some part thereof, remains unsatisfied and due."  *  *  *

These sections must be construed together.

The words, "but such lien shall not revert back to the original entry of such judgment," clearly show that section 309 of the Code contemplates proceedings to renew the judgment, even after the expiration of ten years from the original entry thereof; for, otherwise they would be meaningless.

The fact, too, that nothing contained in section 311 was intended to prevent an action upon the judgment, even after the lapse of twenty years from the date of original entry, in case it was established that the judgment, or some part thereof, remains unsatisfied, shows that section 311 contemplated such proceedings on the part of the judgment creditor, as were necessary to protect his rights, before the lapse of twenty years from the date of the original entry, otherwise we would have the anomalous situation of a statute affording relief to the judgment creditor after a certain time which it would not accord to him prior to that period.

The proceedings for the renewal of a judgment are in the nature of an action. *Adams* v. *Richardson,* 32 S. C., 139, 10 S. E., 931; *Gregory* v. *Perry,* 71 S. C., 246, 50 S. E., 787; *Brantly* v. *Bittle,* 72 S. C., 179, 51 S. E., 561.

Furthermore, the defendants did not interpose any objection to the form of the proceeding, by which the plaintiff sought to have the question determined, whether the judgment or any part thereof remained unsatisfied.

The cases of *Anderson* v. *Baughman,* 69 S. C., 39, 48 S. E., 38; *Gregory* v. *Perry, supra,* and *Brantly* v. *Bittle, supra,* indicate that the judgment may be renewed at any time, within twenty years from the date of original entry.

For these reasons I dissent.